Lanzinger, J.,
dissenting.
{¶ 174} I respectfully dissent. The majority admits that the trial court “should have considered” Nathaniel Jackson’s allocution in the resentencing opinion. Majority opinion at ¶ 83. But the new sentencing opinion had already been prepared prior to the resentencing hearing, and it was filed the same afternoon that the court heard Jackson’s allocution and pronounced sentence. In other words, the court did not take Jackson’s words into account before reimposing a sentence of death. This was the same trial-court error that we considered in State v. Roberts, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 96 (“Roberts II ”), the case of Jackson’s accomplice, Donna Roberts. There too, the trial court did not discuss allocution in its R.C. 2929.03(F) sentencing opinion. Id. at ¶ 64.
{¶ 175} I do not agree with the majority that this case differs from Roberts’s case. The majority attempts to distinguish the circumstances of this case from those in Roberts’s case by saying that “[ujnlike the situation in Roberts II, Jackson’s allocution during his resentencing hearing added little to the mitigation that was already before the court.” Majority opinion at ¶ 86. I do not believe that this distinction puts this case in line with State v. Phillips, 74 Ohio St.3d 72, 656 N.E.2d 643 (1995).
{¶ 176} The majority relies upon Phillips to support its decision to cure the error in the sentencing opinion through independent evaluation of Jackson’s capital sentence. But Phillips did not involve a trial court’s error of the same significance as that present in this case. There, the appellant challenged the sentencing opinion for failing to give effect to all mitigation evidence offered. Id. at 102. We noted that the appellant’s argument “erroneously assumes that evidence that is not specifically mentioned in an opinion was not considered,” and we explained that “[w]hile a sentencing court must consider all evidence in mitigation, it need not discuss each factor individually.” Id., citing Parker v. Dugger, 498 U.S. 308, 314-315, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). We concluded that even if the trial court should have more explicitly analyzed the mitigating evidence, our independent reweighing could rectify the error. Phillips at 102, citing State v. Lott, 51 Ohio St.3d 160, 171-172, 555 N.E.2d 293 (1990).
*93 {¶ 177} This case involves more than just a trial court’s failure to state sufficient detail in analyzing the mitigating evidence. Instead, there has also been a failure to even consider allocution in weighing the aggravating circumstances against the mitigating factors, a failure that, as the majority acknowledges, we found to violate the Eighth Amendment in Roberts II. Majority opinion at ¶ 81, citing Roberts II, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, at ¶ 65, 69.
{¶ 178} The majority is correct in noting that our decision vacating Roberts’s death sentence in Roberts II was premised upon the “ ‘unusual circumstances’ ” present in that case, including the potential for significant mitigation in Roberts’s allocution, the lack of other offered mitigation, and the fact that the trial court had been specifically directed to consider allocution. Majority opinion at ¶ 81, quoting Roberts II at ¶ 64. These circumstances led us to determine in Roberts II that the trial court’s failure to mention the allocution in its sentencing opinion was more than a mere oversight. While Jackson originally presented more mitigation than Roberts did, and his allocution during his resentencing hearing was less significant than hers, I would hold that as in Roberts II, the failure of the trial court to mention allocution at all is more than the mere oversight found in Phillips and instead constitutes reversible error.
{¶ 179} Trial courts “must conduct proceedings in capital cases with a strict level of care that comports with their unique status.” State v. Clinkscale, 122 Ohio St.3d 351, 2009-Ohio-2746, 911 N.E.2d 862, ¶ 23. As detailed in the procedural history set forth in the majority opinion, the Eleventh District Court of Appeals noted that the fact patterns in this case and in Roberts’s case are “factually the same” and involved “the same drafting procedures involving the sentencing entry,” and it concluded that Jackson was “entitled to the same relief afforded to his co-defendant.” State v. Jackson, 190 Ohio App.3d 319, 2010-Ohio-5054, 941 N.E.2d 1221, ¶ 29 (11th Dist.). That relief included affording the defendant the right to allocute, requiring the trial court to personally review and evaluate the evidence, and requiring the court to personally prepare an entirely new penalty opinion. State v. Roberts, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 167 (“Roberts I ”). Just as happened during the resentencing at issue in Roberts II, the trial court here failed to comply with these instructions to conduct Jackson’s resentencing with the strict level of care that comports with the unique status of a capital case.
{¶ 180} In vacating the death sentence of Jackson’s accomplice, Roberts, we instructed the trial court in Roberts II how to sentence her properly:
On remand, the trial court must consider all the mitigating evidence reflected in the record, including Roberts’s allocution, weigh the aggrava *94 ting circumstances against the mitigating factors, and file a sentencing opinion that reflects that it has complied with these instructions. In doing so, the trial court must make an independent determination of whether a death sentence is appropriate and may not give deference to the sentences previously entered.
Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos and Charles Morrow, Assistant Prosecuting Attorneys, for appellee.
Timothy Young, Ohio Public Defender, and Randall L. Porter, Assistant Public Defender; and Buell & Sipe Co., L.P.A., and Dennis L. Sipe, for appellant.
Roberts II, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, at ¶ 96.
{¶ 181} I would follow the mandates of this court in Roberts I and Roberts II and of the Eleventh District in State v. Jackson and grant Nathaniel Jackson the same remedy. I respectfully dissent.